Curia, per

O’Neall, J.
This case, considered in any point of view, cannot give the defendant, Aiken, the advantage which he seeks, in moving this rule. If the question had been raised, I have no doubt he had no right to the rule at all. All he could have done, would have been, to move that the plaintiffs, in the senior executions, should have been put under rules to shew cause why satisfaction should not be entered.
The rule to compel the payment of money collected by the Sheriff to an execution, lies at the instance of the plaintiff in execution, or his representative.
But as the facts have been spread before us, as they were before the Circuit Court, the decision will not be placed on the preliminary objections.
The case of Carson vs. Richardson, 3 McC. 528, seems to us to cover all the grounds which have been taken.
It is plain from the report, and the Sheriff’s return, that the money of Dr. Hall was deposited with the Sheriff, to be applied to the payment of the executions against Ford, on a condition which was not complied with; and that the money was refunded to Hall. Under such circumstances, *113 it would make the law a perfect snare, if this should operate as a satisfaction pro tanto. So too, as to the payments made by Peay. They were made upon the understanding, that the executions should be assigned to him, and the at-torn ¡es have accordingly assigned.
It is true, an attorney cannot assign a judgment, and that, therefore, the assignments here, could not have the effect to bar the plaintiffs from claiming the judgments; but if they think proper not to set up any claim, I do not perceive how creditors can.
There is no satisfaction, in fact, of the executions, and there is no principle of law or equity, which will imply satisfaction from what has been done.
The motion is dismissed.
Richardson, Evans, Butler, and Wardlaw, JJ. concurred.